IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLI IRBY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-24-1142-D ) |
| CSAA INSURANCE EXCHANGE, *et al.*, | ) ) |
| Defendants. | ) |

### **ORDER**

Before the Court is Defendant CSAA Fire and Casualty Insurance Company's ("CSAA Fire") Motion to Dismiss [Doc. No. 5]. Plaintiff filed a Response [Doc. No. 6], and CSAA Fire filed a Reply [Doc. No. 7]. The matter is fully briefed and at issue.

### **BACKGROUND AND FACTUAL ALLEGATIONS**

This case arises from a motor-vehicle accident that occurred on December 8, 2022 in Oklahoma City.[1] Plaintiff alleges that a non-party, Necole Tate, negligently caused the accident, which led to Plaintiff suffering serious injuries. At the time of the accident, Plaintiff was insured under an auto policy underwritten by Defendant CSAA General Insurance Company, which provided $100,000 in uninsured/underinsured motorist coverage. Plaintiff alleges Ms. Tate did not have sufficient liability insurance coverage to fully compensate Plaintiff for her injuries; therefore, Ms. Tate qualifies as an underinsured motorist under the CSAA auto policy. Plaintiff filed a claim under the CSAA auto policy

---

[1] The Court's recitation of facts comes from Plaintiff's state-court Petition, which CSAA Fire attached to its Notice of Removal [Doc. No. 1] as Exhibit 1. The Court will, however, refer to the Petition as the "Complaint."

for uninsured/underinsured motorist benefits, but she alleges Defendants failed to properly investigate and pay her claim.

On July 29, 2024, Plaintiff filed suit in Oklahoma County District Court, naming as defendants: (1) CSAA Insurance Exchange; (2) CSAA General Insurance Company d/b/a AAA Insurance ("CSAA General"); (3) CSAA Fire; and (4) Automobile Club of Oklahoma d/b/a AAA Oklahoma ("AAA Club").[2] CSAA Fire subsequently removed the case to the Western District of Oklahoma and now moves to dismiss Plaintiff's claims against it.[3]

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to Plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To satisfy Rule 8's pleading standard, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff

---

[2] CSAA Fire states that the Automobile Club of Oklahoma is "no longer an entity," having merged with AAA Club Alliance, Inc. in November 2016. Notice of Removal at 7. Therefore, the Court refers to this Defendant as "AAA Club."

[3] In its Notice of Removal, CSAA Fire states that only CSAA General had been served at the time of removal. Notice of Removal at 2. CSAA Fire waived service, but it does not appear that either CSAA Insurance Exchange or AAA Club have been served.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action" does not provide grounds of a party's entitlement to relief. *Twombly*, 550 U.S. at 555.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (citation omitted)). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

Plaintiff asserts a breach-of-contract and bad-faith claim against CSAA Fire, and CSAA Fire moves to dismiss both claims. The analysis that follows applies equally to each of Plaintiff's claims.

**I.       Applying relevant choice-of-law principles, the Court finds that Indiana law governs whether CSAA Fire's corporate veil should be pierced.**

CSAA Fire argues that Plaintiff's claims against it "hinge entirely on the premise that it is 'part of a reciprocal insurance exchange, wherein [CSAA entities] pool and partner their businesses under a regime of control such that all of [CSAA Insurance Exchange's] subsidiaries and affiliated companies can be held liable for bad faith and breach of contract." CSAA Fire Mot. to Dismiss at 4 (quoting Compl., ¶ 6). CSAA Fire contends

Plaintiff's allegations as to it would require the Court to pierce the corporate veil "and hold CSAA Fire responsible for claims primarily asserted against CSAA General as if each company is an alter-ego of the other." *Id.* CSAA Fire contends that, under a proper choice-of-law-analysis, Indiana law governs whether the Court may pierce the CSAA corporate veil, and, applying Indiana law, Plaintiff fails to state a claim against CSAA Fire.

### A.    There is a conflict in Oklahoma and Indiana law governing what a party must show to pierce the corporate veil.

The Court agrees with CSAA Fire that Plaintiff appears to plead an alter-ego theory of liability, which would, in turn, require the Court to pierce the CSAA corporate veil. Because CSAA Fire has raised the choice-of-law issue, the Court will conduct an appropriate analysis to determine which state's law governs Plaintiff's alter-ego theory. First, the Court must decide whether there is a conflict between Indiana law (the state in which CSAA Fire is incorporated) and Oklahoma law (the state in which this case was filed). *See Canal Ins. Co. v. Montello, Inc.*, 822 F. Supp. 2d 1177, 1181 (N.D. Okla. 2011). "If there is no conflict between the laws of the two states, the court will apply Oklahoma law. If there is a conflict between the two laws, the court will look to Oklahoma choice of law rules to determine whether the application of Indiana or Oklahoma law is appropriate." *Id.*

Upon review, there is a conflict of law in the two states' requirements for piercing the corporate veil. Under Oklahoma law, "[o]ne corporation may be held liable for the acts of another under the theory of alter-ego liability if (1) the separate existence is a design or scheme to perpetuate a fraud or (2) one corporation is merely an instrumentality or agent

of the other." *Gilbert v. Sec. Fin. Corp. of Okla., Inc.*, 152 P.3d 165, 175 (Okla. 2006), *abrogated on other grounds by Montgomery v. Airbus Helicopters, Inc.*, 414 P.3d 824 (Okla. 2018). Under Indiana law, however, a party seeking to pierce the corporate veil must show "by a preponderance of the evidence 'that [1] the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another and [2] that the misuse of the corporate form would constitute a fraud or promote injustice.'" *Escobedo v. BHM Health Assocs., Inc.*, 818 N.E.2d 930, 933 (Ind. 2004) (quoting *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994)).

As shown by the above-quoted caselaw, there "is a clear distinction between Oklahoma and Indiana law regarding the piercing of the corporate veil: Oklahoma law requires the party attempting to pierce the corporate veil to demonstrate *either* (1) the corporate scheme is a design to perpetrate a fraud *or* (2) one corporation is merely an instrumentality of the other while Indiana law requires the plaintiff to meet the more onerous standard of demonstrating *both* (1) one corporation was merely an instrumentality of another, *and* (2) the misuse of the corporate form would 'constitute a fraud *or* promote injustice.'" *Canal*, 822 F. Supp. 2d at 1183 (citing *Escobedo*, 818 N.E.2d at 933 and *Gilbert*, 152 P.3d at 175) (emphasis in original). This distinction is not meaningless; indeed, "application of Indiana's more onerous burden while interpreting a pleading under Rule 12(b)(6) standards could result in a different outcome, i.e. dismissal of the claim under Indiana law, and allowing the claim to proceed under Oklahoma law." *Id.*

Because Indiana employs a more onerous standard for piercing the corporate veil than does Oklahoma, the Court finds that the laws of the two states conflict. *See id.*

("Because the difference between the conjunctive and disjunctive could be dispositive on a 12(b)(6) motion, the court finds that the laws of Oklahoma and Indiana conflict."); *see also Crabb v. CSAA Gen. Ins. Co.*, No. CIV-21-0303-F, 2021 WL 3115393, at *5 (W.D. Okla. July 22, 2021) (following *Canal* in finding that "[t]he law of Indiana and Oklahoma differ with respect to the requirements for piercing the corporate veil").

**B.  Indiana law governs the instant Motion.**

Because Oklahoma and Indiana law conflict, the Court must next determine which state's law applies to the instant Motion. In diversity cases, such as this, "the choice of law is determined by the law of the forum state, in this case Oklahoma." *Canal*, 822 F. Supp. 2d at 1183 (citing *Elec. Distribs. Inc. v. SFR, Inc.,* 166 F.3d 1074, 1083 (10th Cir. 1999)). Therefore, the Court, like the *Canal* and *Crabb* courts, will look to Oklahoma's choice-of-law rules to determine whether Oklahoma or Indiana law applies.

As detailed by the *Canal* court, § 307 of the Restatement (Second) of Conflicts of Laws directs courts to apply "[t]he local law of the state of incorporation . . . to determine the existence and extent of a shareholder's liability to the corporation for assessments or contributions and to its creditors for corporate debts." *Id.* at 1184. Although the Oklahoma Supreme Court has not addressed § 307 in the veil-piercing context, "Oklahoma courts have previously followed other provisions of the Restatement (Second) of Conflicts of Laws." *Id.* (quoting *Tomlinson v. Combined Underwriters Life Ins. Co.*, No. 08-CV-259-TCK-(FHM), 2009 WL 2601940, at *2 (N.D. Okla. Aug. 21, 2009)). Therefore, "based on citation to [the] Restatement (Second) of Conflicts of Laws in other circumstances, the

6

Court finds that the Oklahoma Supreme Court would follow § 307 in holding that the state of incorporation's law applies to issues of piercing the corporate veil." *Id.*

The Court agrees that "Oklahoma would apply the law of the state in which the corporation in question is incorporated (here, as in Canal, Indiana) to determine whether the corporate structure of CSAA General should be disregarded." *Crabb*, 2021 WL 3115393, at *5; *see also Canal*, 822 F. Supp. 2d at 1184. The Court will, therefore, apply Indiana law in determining whether Plaintiff's Complaint includes allegations sufficient to support piercing the CSAA corporate veil.

## II. Having determined that Indiana law governs, the Court finds that Plaintiff fails to state a plausible claim against CSAA Fire.

Recall, under Indiana law, Plaintiff must plead sufficient facts tending to show "that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another *and* that the misuse of the corporate form would constitute a fraud or promote injustice." *Escobedo*, 818 N.E.2d at 933 (emphasis added).[4]

Regarding the first prong of Indiana's test, Plaintiff alleges as follows:

> Defendants CSAA and [CSAA Fire] are all part of a reciprocal inter-insurance exchange, in which they pool their business among other insureds and "exchange policies" within the CSAA Insurance Group of companies and share all premiums, changes and losses. By and through this inter-insurance exchange, Defendant CSAA directly or through its subsidiaries,

---

[4] Although not directly raised by either party, the Court further agrees with the *Canal* court that Rule 8(a)(2)'s pleading standard—as opposed to the heightened, fraud-based standard set forth in Rule 9(b)—governs Plaintiff's current Complaint. *See Canal*, 822 F. Supp. 2d at 1185 (finding that Rule 8(a)(2) governed the plaintiff's complaint, as it included no fraud-related allegations). If Plaintiff is granted leave and files an amended complaint that includes fraud-based allegations, the Court reserves a ruling on whether Rule 9(b)'s heightened standard would apply to those allegations.

7

> issues policies, collects premiums, pays commissions to agents, and handles every aspect of the [CSAA Fire] auto claims handling.
>
> \*\*\*
>
> Further, CSAA, [CSAA Fire], and AAA Oklahoma all operate and are parts of a reciprocal insurance exchange, wherein they pool and partner their businesses under a regime of control such that all of its subsidiaries and affiliated companies can be held liable for bad faith and breach of contract.

Compl., ¶¶ 4, 6

Upon review of Plaintiff's Complaint, as well as the policy declaration [Doc. No. 5-1], the Court finds that Plaintiff fails to plead sufficient allegations related to either prong of Indiana's test.[5] At most, Plaintiff alleges that CSAA Fire is part of the AAA "reciprocal insurance exchange," and, therefore, all AAA "subsidiaries and affiliated companies can be held liable for bad faith and breach of contract." But the Court is not convinced that these generalized allegations tend to show that CSAA Fire was a "mere instrumentality" of any other AAA entity, as required under Indiana law.

Further, the Complaint is devoid of any allegations going to the second prong of Indiana's test—*i.e.*, that misuse of the corporate form would constitute a fraud or promote injustice.[6] Plaintiff's allegations are the type of "conclusory statements" that the Court may

---

[5] Typically, the Court accepts the "well-pleaded factual allegations of the complaint as true for purposes of resolving a motion under Rule 12(b)(6)." *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013). But the Court may review "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)). Here, the policy's declarations page is central to Plaintiff's claims, and Plaintiff does not dispute its authenticity.

[6] The Court's conclusion is further supported by the policy's declaration page, which references "CSAA General Insurance Company," not CSAA Fire.

disregard, and, in so doing, there are no other factual allegations to support Plaintiff's claims against CSAA Fire. *See Khalik*, 671 F.3d at 1191.

## CONCLUSION

For these reasons, as fully set forth herein, CSAA Fire's Motion to Dismiss [Doc. No. 5] is **GRANTED**. Plaintiff's claims against CSAA Fire are **DISMISSED** without prejudice.

**IT IS SO ORDERED** this 21st day of January, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge