## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KELLI IRBY,                                )
                                           )
    Plaintiff,              )
                                           )
v.                                         )       Case No. CIV-24-1142-D
                                           )
CSAA GENERAL INSURANCE COMPANY             )
d/b/a AAA INSURANCE, *et al.*,             )
                                           )
    Defendants.             )

## <u>ORDER</u>

Before the Court is Defendant CSAA General Insurance Company's ("CSAA") Motion for Judgment on the Pleadings. [Doc. No. 19]. Plaintiff filed a response. [Doc. No. 21]. CSAA did not file a reply, and the time to do so has expired. Accordingly, the matter is fully briefed and at issue.

## BACKGROUND

On or about December 8, 2022, Plaintiff allegedly sustained injuries in a motor vehicle accident in which Necole Tate was purportedly the at-fault driver. Plaintiff was driving her mother's vehicle at the time of the accident, which was insured by GEICO. Additionally, she had an automobile insurance policy with CSAA that generally insured her when she was driving a vehicle ("Policy"). [Doc. No. 16-3].[1]

---

[1] Citations to the parties' filings reference the CM/ECF pagination at the top of each page.

Ms. Tate's insurer tendered her policy limits to Plaintiff. Plaintiff notified GEICO and CSAA of her claims for compensation under the policies' underinsured motorist ("UIM") provisions. GEICO tendered its policy's UIM limits to Plaintiff.

On or about February 8, 2023, CSAA denied Plaintiff's claim providing that GEICO's UIM limits exceeded the Policy's UIM limits, and thus, "there would not be an exposure under UIM under the [] policy." [Doc. No. 21-1]. Moreover, on or about February 21, 2024, CSAA issued her another denial letter providing that her "current total claim value falls within the underlying limits" that Ms. Tate's insurer and GEICO had tendered to Plaintiff. [Doc. No. 21-2].

Thereafter, Plaintiff filed this action asserting CSAA breached the Policy and breached its duty of good faith and fair dealing. [Doc. No. 1-1]. CSAA, in relevant part, denied Plaintiff's allegations and filed a counterclaim seeking declaratory relief. [Doc. No. 16]. CSAA asserted that Plaintiff's claim for UIM coverage under the Policy is statutorily barred by Okla. Stat. tit. 36, § 3636(B). *Id.* CSAA alleges that Plaintiff impermissibly seeks to stack or aggregate UIM benefits under both GEICO's policy and the Policy, which is purportedly prohibited by § 3636(B). *Id.* Plaintiff denies CSAA's allegations and denies that it is entitled to a declaratory judgment. [Doc. No. 18].

CSAA filed the instant motion, arguing that a judgment on the pleadings in its favor is warranted because Plaintiff's claims are barred by Okla. Stat. tit. 36, § 3636(B). [Doc. No. 19]. CSAA contends that § 3636(B) prohibits Plaintiff from stacking the Policy's UIM benefits with the UIM benefits she received from GEICO, unless expressly provided in the Policy. *Id.* Furthermore, CSAA argues that the Policy does not expressly provide for

2

stacking UIM benefits. *Id.* Thus, CSAA asserts that Plaintiff cannot succeed on her claims of breach of contract and bad faith, as it did not breach the Policy by refusing to pay Plaintiff's UIM claim. *Id.*

Plaintiff argues that judgment on the pleadings is not warranted, because payment of UIM from two different insurance companies on two different policies does not constitute stacking under Okla. Stat. tit. 36, § 3636(B). [Doc. No. 21]. Moreover, she argues that if § 3636(B) is applicable, then judgment on the pleadings is also not warranted because the Policy expressly allows stacking/aggregating UIM benefits. *Id.* Furthermore, she argues that judgment on the pleadings is not warranted because CSAA's denial of her claim was not based on the applicability of § 3636(B). *Id.* Rather, she argues that CSAA denied her claim because it determined that the amount GEICO and Ms. Tate's insurer provided to her was sufficient to cover the cost of her damages. *Id.* Thus, Plaintiff argues that CSAA cannot base its defense on a legal theory that it did not rely upon when it denied her claim. *Id.*

## STANDARD OF DECISION

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings at any time after the pleadings are closed, as long as the motion is made early enough not to delay trial. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only where the movant establishes "an absence of any issue of material fact and entitlement to judgment as a matter of law." *Landmark Am. Ins. Co. v. VO Remarketing Corp.*, 619 F. App'x 705, 708 (10th Cir. 2015) (unpublished) (citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012)).

3

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Zevallos v. Allstate Prop. & Cas. Co.*, 776 F. App'x 559, 561 n.1 (10th Cir. 2019) (unpublished) (quotation and citation omitted). Thus, the Court "accept[s] as true all well-pleaded factual allegations in the complaint, 'resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief.'" *Woodie v. Berkshire Hathaway Homestate Ins. Co.*, 806 F. App'x 658, 666 (10th Cir. 2020) (unpublished) (quoting *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Unlike a motion to dismiss, in ruling on a motion for judgment on the pleadings, the Court may, as the name suggests, consider the answer to the complaint. *See Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), abrogated on other grounds by *Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750 (10th Cir. 2013) (unpublished). When "matters outside the pleadings are presented to and not excluded by the court," a motion under Rule 12(b)(6) or 12(c) generally "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (citation omitted). Under these circumstances, the Court need not convert a motion for judgment on the pleadings to

a summary judgment motion under Rule 56. *Woodie*, 806 F. App'x at 664-65 ("Rule 12(d) is not implicated when a court 'consider[s] documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'") (quoting *Brokers' Choice of Am., Inc.*, 861 F.3d at 1103).

## DISCUSSION

Title 36, Section 3636—"Uninsured Motorist Coverage" governs the obligations of insurers with respect to uninsured and underinsured automobile insurance policies. Okla. Stat. tit. 36, § 3636. Section 3636(B) provides, in relevant part, that "[p]olicies issued, renewed or reinstated after November 1, 2014, shall not be subject to stacking or aggregation of limits unless expressly provided by an insurance carrier." *Id.* § 3636(B).

"'[I]nsurance policies are issued pursuant to statutes, and the provisions of those statutes are given force and effect as if written into the policy.'" *Thurston v. State Farm Mut. Auto. Ins. Co.*, 2020 OK 105, ¶ 20, 478 P.3d 420-21 (quoting *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 2017 OK 14, ¶ 22, 392 P.3d 262, 268). "'Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application attached to and made a part of the policy.'" *Id.* (quoting Okla. Stat. tit. 36, § 3621).

Assuming without deciding that § 3636(B)'s default prohibition on stacking of UIM benefits is applicable here, and resolving all reasonable inferences in Plaintiff's favor, the Court finds that CSAA has not established that it is entitled to judgment as a matter of law. Indeed, in viewing the record in the light most favorable to Plaintiff, there is a material issue as to whether the Policy permits the aggregation or stacking of UIM benefits. Plaintiff

contends that the Policy's "other insurance" provision expressly permits the aggregation of other UIM policies. The "other insurance" provision at issue provides that:

> If there is other applicable uninsured or underinsured motorist coverage, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** Limit of Liability bears to the total of all available coverage limits. However, any insurance **we** provide shall be excess over any other uninsured or underinsured motorist coverage, except for **bodily injury** to **you** or a **relative** when **occupying a covered vehicle**.

> **We** will not pay for any damages that would duplicate any payment made for damages under other insurance.

[Doc. No. 16-3, at p. 26 (original emphasis)].

CSAA argues that the "other insurance" provision does not constitute an express authorization for its insured to stack or aggregate UIM benefits, but rather is a provision governing the priority of payment amongst multiple applicable UIM policies. However, CSAA's interpretation of the "other insurance" provision raises a fundamental inconsistency: if, under its interpretation, an insured may recover under only a single UIM policy, it is unclear how the insurer could ever be required to pay its share in circumstances where multiple UIM policies apply. CSAA does not address this issue. Moreover, CSAA provides no legal authority regarding Oklahoma's application of "other insurance" provisions to UM/UIM coverage disputes.

Accordingly, resolving all reasonable inferences in Plaintiff's favor, the Court finds that at this juncture CSAA has failed to establish that Plaintiff's claims are statutorily barred by Okla. Stat. tit. 36, § 3636(B) as a matter of law. Whether Plaintiff can ultimately prevail

on her claims of breach of contract and bad faith, or whether CSAA can ultimately prevail on its request for declaratory judgment, are better left for a more fully developed record.

**<u>CONCLUSION</u>**

**IT IS THEREFORE ORDERED** that Defendant CSAA's Motion for Judgment on the Pleadings [Doc. No. 19] is **DENIED**.

**IT IS SO ORDERED** this 20th day of February, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge